John J. TAURO, Appellant,

v.

A YET UNNAMED DOMESTIC RELA-
TIONS WORKER KNOWN AS
WORKER ID $IATT; Ace Cash Ex-
press, A Texas Corporation.

No. 05–5483.

United States Court of Appeals,
Third Circuit.

Submitted for Possible
Summary Action

Under Third Circuit L.A.R. 27.4 and
I.O.P. 10.6 July 27, 2006.

Filed: Aug. 16, 2006.

John J. Tauro, Pittsburgh, PA, pro se.

BEFORE: FUENTES, VAN
ANTWERPEN and CHAGARES, Circuit
Judges.

## OPINION

PER CURIAM.

John Tauro appeals from the District
Court's order, entered November 30, 2005,
dismissing his civil rights complaint. For
the reasons below, we will summarily af-
firm the District Court's order.

On August 24, 2005, Tauro filed a pro se
civil rights complaint pursuant to 42
U.S.C. § 1983, against an unnamed domes-
tic relations worker in the Family Division
of the Allegheny County Court of Common
Pleas and Ace Cash Express, a Texas cor-
poration licensed to conduct business in
Pennsylvania. According to Tauro, the do-
mestic relations worker sent an unsigned
and undocketed wage attachment order to
Ace requesting that money be withheld
from Tauro's paychecks because of past
due child support. Tauro claims he does

not owe any child support. He seeks compensatory and punitive damages. On November 15, 2005, the District Court directed Tauro to show cause why the action should not be sua sponte dismissed on the basis of collateral estoppel and the lack of state action. Tauro filed a response to the order but the District Court determined that he failed to show cause why his case should not be dismissed. Accordingly, the District Court dismissed the case with prejudice. Tauro timely appealed. He has filed a motion for appointment of counsel on appeal.

■■■ We conclude that Tauro's complaint was properly dismissed. We agree with the District Court that Tauro's claims against the domestic relations worker are barred by the doctrine of collateral estoppel. As to the claims relating to Ace, the District Court held that Tauro failed to explain how this entity acted under the color of state law. In *Lugar v. Edmondson Oil Company, Inc.*, 457 U.S. 922, 941, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), the Supreme Court held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a "state actor." However, even if Tauro can show that Ace acted under color of state law under *Lugar,* his claim against Ace properly would have been dismissed as barred by collateral estoppel. *See Witkowski v. Welch,* 173 F.3d 192, 198–99 (3d Cir.1999). Tauro's underlying claim is that his due process rights were violated when the Allegheny County Court of Common Pleas directed the collection of child support arrears. This issue was adjudicated in a prior court decision. *See* D. Ct. Order, 1.

For the foregoing reasons, we conclude that no substantial question is presented in this appeal. We, therefore, will affirm the District Court's judgment. Tauro's motion for appointment of counsel is denied.